**DUANE MORRIS LLP**
Gerald L. Maatman, Jr. (*pro hac vice* forthcoming)
gmaatman@duanemorris.com
Jennifer A. Riley (*pro hac vice* forthcoming)
jariley@duanemorris.com
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: +1 312 499 6700
Fax: +1 312 499 6701

**DUANE MORRIS LLP**
Nick Baltaxe (SBN 329751)
nbaltaxe@duanemorris.com
865 South Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
Telephone: +1 213 689 7400
Fax: +1 213 689 7401

Attorneys for Defendant
CAPSTONE LOGISTICS, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIA VARGAS, MARIA BARRERA, on behalf of themselves and all others similarly situated, and on behalf of the general public;<br><br>Plaintiffs,<br><br>v.<br><br>CAPSTONE LOGISTICS, LLC, a limited liability company; and DOES 1 through 20, inclusive<br><br>Defendants. | Case No.:<br><br>**DECLARATION OF GREGORY B. TUMAN IN SUPPORT OF DEFENDANT CAPSTONE LOGISTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>[Removed Stanislaus County Superior Court, Case No. CV-24-000265]<br><br>*[Filed concurrently with Notice of Removal; Request for Judicial Notice, Notice of Interested Parties, and Corporate Disclosure Statement]*<br><br>Complaint Filed: January 9, 2024 |

## DECLARATION OF GREGORY B. TUMAN

I, Gregory B. Tuman, declare:

1.      I am over the age of eighteen years.  I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2.      I make this declaration in support of Defendant Capstone Logistics, LLC's Notice of Removal of Civil Action to the United States District Court in the above-captioned matter.

3.      I am the Divisional CFO for Capstone Logistics, LLC ("Capstone").  I began my employment with Capstone on January 2, 2018.  In my capacity as Divisional CFO, I have access to the APEX data warehouse operational information systems that generate payroll and time records of Capstone's employees in California, including Plaintiffs Antonia Vargas and Maria Barrera ("Plaintiffs").  These records are kept in Capstone's systems in the ordinary course of business.  I have reviewed these records for Plaintiffs.  Also, in this capacity, I am familiar with the corporate and organizational structure as well as the operations of Capstone.

4.      Capstone is now, and since this action commenced has been, a limited liability company formed under the laws of Delaware.  At the time Plaintiffs filed their Complaint on January 9, 2024, Capstone had one member:  Capstone Logistics Holdings, Inc.

5.      Capstone Logistics Holdings, Inc. is a Delaware corporation organized under the laws of the State of Delaware.

6.      Since April 30, 2018, both Capstone Logistics, LLC and Capstone Logistics Holdings, Inc.'s headquarters have been located at 30 Technology Parkway South, Suite 200, Peachtree Corners, Georgia, 30092.  Prior to that date, the headquarters were located at 6526 The Corners Parkway, Suite 520, Peachtree Corners, Georgia 30092.

7.      Both Capstone Logistics, LLC and Capstone Logistics Holdings, Inc.'s key officers work out of Peachtree Corners, Georgia.  Specifically, the Chief

Executive Officer, the Chief Financial Officer, and the Secretary of both Capstone Logistics LLC and Capstone Logistics Holdings, Inc. each works out of Peachtree Corners, Georgia. They have been and are located in Georgia, have maintained and continue to maintain their offices in Georgia, and they have performed and continue to perform their primary duties and job functions in Georgia. These individuals represent the senior leadership of both Capstone Logistics, LLC and Capstone Logistics Holdings, Inc.

8.     On February 5, 2024, Defendant was served and received a copy of the Complaint, Summons, the Civil Case Cover Sheet, and Notice of Case Management Conference. True and correct copies of the documents that were served on Capstone are attached hereto as **Exhibit A.**

9.     Based on my review of the Company's records, Plaintiffs were both residents of California during the course of their employment with Capstone. The home address that Plaintiff Antonia Vargas provided to Capstone when she applied for employment was in California. The home address that Plaintiff Maria Barrera provided to Capstone when she applied for employment was in California.

10.     It is my understanding that the relevant time period alleged in Plaintiff's Complaint is January 9, 2020, to the present. To determine the total number of Capstone's non-exempt, hourly employees who have worked in the State of California during the relevant time period, including the total number of weeks worked by these individuals during the relevant time period, I retrieved information from Capstone's APEX data warehouse information systems from January 5, 2020, to January 27, 2024.

11.     Based on my review of the data retrieved, and to the best of my knowledge, there were approximately 16,071 current and former hourly non-exempt employees who performed work for Capstone in the State of California from January 5, 2020, through January 27, 2024. During this time period, these employees worked a total of approximately 372,844 workweeks.

12.     Pay rates for non-exempt, hourly Capstone employees in California vary. To calculate an approximate average rate of pay for the current and former non-exempt, hourly Capstone employees who worked in California during the relevant time period, I reviewed available pay data for all non-exempt, hourly Capstone employees who performed work in California at any point from January 5, 2020, to January 27, 2024.  Based on my review of records and data retrieved, the average hourly rate of pay for Capstone's non-exempt, hourly employees who worked in California during this timeframe is approximately $19.56.

13.     During the relevant time period, Capstone paid current and former non-exempt, hourly employees who are or were employed by Capstone and performed work in the State of California on a weekly basis (*i.e.*, Capstone issued paychecks to such employees once per week).  Accordingly, there are 372,844 pay periods worked for these employees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March ___5_____, 2024, at Peachtree Corners, GA.
3/5/2024

*Gregory B Tuman*
_____
Gregory B. Tuman

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CAPSTONE LOGISTICS, LLC, a Delaware Limited Liability Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANTONIA VARGAS, MARIA BARRERA, on behalf of themselves
and all others similarly situated, and on behalf of the general public

Electronically Filed
1/9/2024 4:47 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Raquel Enriquez, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* City Towers Courthouse

801 10th Street, 4th Floor
Modesto, CA 95354

**CASE NUMBER:**
*(Número del Caso):* CV-24-000265

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Roman Otkupman: 5743 Corsa Ave Ste 123, Westlake Village, CA 91362; (818)293-5623

---

**DATE:** 1/9/2024 4:47 PM                     Clerk, by _Raquel Enriquez_ , Deputy
*(Fecha)*                                        *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **CAPSTONE LOGISTICS, LLC, a Delaware Limited Liability Company**

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
Nidah Farishta, CSBN 312360
*Nidah@OLFLA.com*
**OTKUPMAN LAW FIRM, A LAW CORPORATION**
5743 Corsa Ave., Suite 123,
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorney for Plaintiffs,
Antonia Vargas, Maria Barrera, on behalf of themselves and all others similarly situated, and on behalf of the general public

Electronically Filed
1/9/2024 4:47 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Raquel Enriquez, Deputy

$435 PAID
$1000 PAID

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF STANISLAUS

ANTONIA VARGAS, MARIA BARRERA, on behalf of themselves and all others similarly situated, and on behalf of the general public,

          Plaintiffs,

    vs.

CAPSTONE LOGISTICS, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive.

CASE NO. CV-24-000265

**CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**

1. **FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);**

2. **FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);**

3. **FAILURE TO PAY ALL WAGES IN VIOLATION OF (LABOR CODE §§ 510, 1194, 1194.2);**

4. **KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e));**

5. **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION (LABOR CODE §§ 201-203);**

6. **FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE § 204(a)(b);**

7. **FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF (LABOR CODE § 2802);**

This case has been assigned to Judge Sandhu, Sonny S.
Dept. 24
Department _____ . for all purposes including Trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

8. **FAILURE TO PAY FOR ALL HOURS WORKED, INCLUDING OVERTIME HOURS WORKED IN VIOLATION OF (LABOR CODE § 210, 218);**

9. **FAILURE TO PROVIDE PLACE OF EMPLOYMENT THAT IS SAFE AND HEALTHFUL IN VIOLATION OF (LABOR CODE §§ 6400, 6401, 6403, 6404, 6407, 8 CCR 3202);**

10. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200;**

11. **PENALTIES PURSUANT TO LABOR CODE SECTION 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a),(e), 201-203, 204(a)(b), 2802, 210, 218, 6400, 6401, 6403, 6404, 6407, 8 CCR 3202**

**<u>DEMAND FOR JURY TRIAL</u>**

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS, Antonia Vargas, Maria Barrera ("Plaintiffs"), on behalf of themselves and other "aggrieved employees" complain of Defendants as follows:

## I.    INTRODUCTION

1.    This is a Class and Representative Action, pursuant to Code of Civil Procedure § 382 on behalf of Plaintiffs and certain individuals who are employed by, or were formerly employed by, Capstone Logistics, LLC and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants") within California.

2.    For at least four (4) years prior to the filing of this action and continuing to the present (the "liability period"). Plaintiffs and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiffs and Defendant's California employees were forced to continue working through their meal and rest

OTKUPMAN LAW
FIRM, ALC
ATTORNEYS AT LAW

CLASS AND REPRESENTATIVE ACTION COMPLAINT                2

breaks in order to assist Defendant's needs. Because of this, Plaintiffs and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiffs and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

3.      Plaintiffs also claim that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiffs and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

4.      Defendants failed to issue Plaintiffs and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiffs and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiffs and Defendants' California employees.

5.      Defendants knowingly and intentionally failed to provide Plaintiffs and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records as required by §1174(d). The statements provided to Plaintiffs and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hours worked.

6.      Our client further alleges that Defendants paid her and Defendant's California

employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

7.      Defendant pays Plaintiffs and it's California employees on a weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiffs and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b). Furthermore, Defendant withheld checks from Plaintiffs and from Defendant's California employees, resulting in Plaintiffs and Defendant's California employees receiving their due wages beyond the lawful time frame.

8.      Defendant failed to reimburse Plaintiffs and Defendant's California employees for the equipment they purchased to perform work for Defendant such as face masks and steel toe shoes. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiffs and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

9.      Defendants failed to continue to take precautions to ensure employee safety after the onset of COVID. Under LC §6409.6(a)(1). "COVID-19" means severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). Plaintiffs and Defendant's California employees, directly after the onset of COVID, were required to partake in mandatory temperature and health checks, but these activities were not enforced or practiced quickly after the onset of COVID and when COVID was still a health risk to the employees. Plaintiffs and Defendant's California employees were also required to provide their own personal protective equipment at the workplace. As a result of these practices, Defendants have violated Cal. Labor Code §§ 6400, 6401, 6402, 6403, 6404, and 6407 for failure to provide a safe and healthful environment for

their Employees, as outlines above. Defendants are liable for civil penalties pursuant to Cal. Labor Code § 2699 et seq.

10.     Defendants failed to pay all wages earned to Plaintiffs and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiffs and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed each week. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

11.     Plaintiffs and all other aggrieved employees bring this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiffs and Defendants' California employees.

12.     Plaintiffs, on behalf of themselves and all proposed Plaintiffs Class members (specifically, the "California Class" as defined herein), brings this action pursuant to Labor Code §§ 226.7, 512, and 558, Labor §§ 510, 1194, 1194.2, Labor § 226(a)(e), 1174(d), Labor Code § 201-203, Labor Code § 204(a)(b), Labor Code § 2802, Labor Code § 210, 218, Labor Code §§ 6400, 6401, 6403, 6404, 6407, 8CCR 3202, Business & Professions Code § 17200, et seq.

13.     Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendants operate within the State of California. The unlawful acts alleged herein took place in Patterson, California.

## II.     PARTIES

### A.    PLAINTIFFS

14.          Plaintiff Antonia Vargas is a resident of Newman, California. Plaintiff Maria Barrera is a resident of Turlock, California. At all times relevant herein, they were employed by Defendants in Stanislaus County, California. Plaintiffs were employed by Defendants as a non-exempt, hourly employee in California, including in and around the city of Patterson, County of Stanislaus. During Plaintiffs' employment:

A. Plaintiffs did not receive final wages upon termination.

B. Plaintiffs and the Class were not paid in a timely manner pertaining to the waiting time penalties in accordance with Labor Code §§ 201-203.

C. Plaintiffs were forced to receive inaccurately itemized and deficient wage statements, in

violation of Labor Code § 226(a).

D. Plaintiffs did not receive her compensation in accordance with Labor Code Section 204 in that Defendant failed to issues wages to its employees within seven (7) calendar days after the pay period ended.

E. Plaintiffs were required to work without meal and rest periods, nor compensation in lieu thereof, as required by the Labor Code and relevant Wage Orders.

F. Plaintiffs were required to work either in excess of eight hours per workday or in excess of forty hours per workweek without receiving compensation at a rate of one and one half the regular rate of pay.

G. Defendant also failed to reimburse Plaintiffs and Defendant's California employees for reasonable and necessary expenses in the course of their job duties, in violation of Labor Code § 2802.

**B.    DEFENDANTS**

15.    Defendant Capstone Logistics, LLC, is a Delaware Limited Liability Company doing business in Patterson, California. It operates within the State of California.  Defendants employed Plaintiffs and similarly situated employees within California. The violations alleged herein arose in Patterson, California.

16.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

17.    Plaintiffs are informed and believe, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the proposed Class.

## FACTUAL ALLEGATIONS

18.    Plaintiffs and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiffs and Defendant's California employees were forced to continue working through their meal and rest breaks in order to assist Defendant's needs. Because of this, Plaintiffs and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiffs and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

19.    Plaintiffs also claim that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiffs and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

20.    Defendants failed to issue Plaintiffs and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiffs and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiffs and Defendants' California employees.

21.    Defendants knowingly and intentionally failed to provide Plaintiffs and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records as required by §1174(d). The statements provided

to Plaintiffs and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hours worked.

22.    Our client further alleges that Defendants paid her and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

23.    Defendant pays Plaintiffs and it's California employees on a weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiffs and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b). Furthermore, Defendant withheld checks from Plaintiffs and from Defendant's California employees, resulting in Plaintiffs and Defendant's California employees receiving their due wages beyond the lawful time frame.

24.    Defendant failed to reimburse Plaintiffs and Defendant's California employees for the equipment they purchased to perform work for Defendant such as face masks and steel toe shoes. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiffs and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

25.    Defendants failed to continue to take precautions to ensure employee safety after the onset of COVID. Under LC §6409.6(a)(1). "COVID-19" means severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). Plaintiffs and Defendant's California employees, directly after the onset of COVID, were required to partake in mandatory temperature and health checks, but these activities were not enforced or practiced quickly after the onset of COVID and when COVID was still a health risk to the employees. Plaintiffs and Defendant's California

employees were also required to provide their own personal protective equipment at the workplace. As a result of these practices, Defendants have violated Cal. Labor Code §§ 6400, 6401, 6402, 6403, 6404, and 6407 for failure to provide a safe and healthful environment for their Employees, as outlines above. Defendants are liable for civil penalties pursuant to Cal. Labor Code § 2699 et seq.

26.    Defendants failed to pay all wages earned to Plaintiffs and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiffs and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed each week. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

27.    Plaintiffs and all other aggrieved employees bring this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiffs and Defendants' California employees.

**CLASS ACTION ALLEGATIONS**

28.    Plaintiffs bring this action on behalf of herself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

29.    Plaintiffs seek to represent a class composed of and defined as follows:

**THE CALIFORNIA CLASS**

30.    All current and former California employees of Defendants since the date four (4) year prior to the filing of this complaint.

31.    Plaintiffs reserve the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

32.    This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.    **NUMEROSITY**

33.    The potential members of the proposed Class as defined are so numerous that joinder

of all the members of the proposed Class is impracticable. While the precise number of proposed Plaintiffs Class members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ, and during the relevant time periods employed, over seventy-five (75) Class members in the State of California.

34.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiffs allege that Defendants' employment records would provide information as to the number and location of all proposed Plaintiffs Class members. Joinder of all members of the proposed Class is not practicable.

**B.    COMMONALITY**

35.    There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation, whether Defendants failed to provide members of the Class with wage statements that fully and accurately itemize the requirements set forth in Labor Code §226(a), accurate final wages, and final wages on the day of termination and or within seventy-two (72) hours of separation and whether the rest periods were timely made available.

**C.    TYPICALITY**

36.    The claims of the named Plaintiffs are typical of the claims of the proposed Class. Plaintiffs and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D.    ADEQUACY OF REPRESENTATION**

37.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represents Plaintiffs are competent and experienced in litigating large employment class actions.

**E.    SUPERIORITY OF CLASS ACTION**

38.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Plaintiffs Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's failure to comply with Labor Code 226(a).

39.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

## (LABOR CODE §§ 226.7, 512 and 558)

40.     Plaintiffs incorporate paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Plaintiffs are entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

42.     Plaintiffs and Defendants' California employees were routinely unable, and not authorized to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiffs and Defendants' California employees were forced to continue working through their meal breaks in order to assist Defendants' needs. Because of this, Plaintiffs and Defendants' California employees were unable to take their required meal breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal break to Plaintiffs and Defendants' California employees who were denied timely meal breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

43.     Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiffs seek the payment of all meal period compensations, which they are owed since they commenced to work for Defendant, according to proof.

44.     Additionally, Plaintiffs are entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

45.     Wherefore, Plaintiffs seek to represent request relief as described below.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

## (LABOR CODE §§ 226.7, 512 and 558)

46.     Plaintiffs incorporate paragraphs 1 through 45 of this Complaint as though fully set

forth herein.

47.      Plaintiffs are entitled to one hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

48.      Plaintiffs and Defendants' California employees were routinely unable, and not authorized to take their 10-minute rest periods for every shift they worked. Specifically, Plaintiffs and Defendants' California employees were forced to continue working through their rest breaks in order to assist Defendants' needs. Because of this, Plaintiffs and Defendants' California employees were unable to take their required rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed rest break to Plaintiffs and Defendants' California employees who were denied timely rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

49.      Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiffs seek the payment of all rest period compensations, which they are owed since they commenced to work for Defendant, according to proof.

50.      Additionally, Plaintiffs are entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

51.      Wherefore, Plaintiffs seek to represent request relief as described below.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES IN VIOLATION OF
### (LABOR CODE §§ 510, 1194, 1194.2)

52.      Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

53.      During the liability period, Defendant failed to pay all wages to Plaintiffs and Defendant's California employees.

54.      Plaintiffs also claim that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate.

Plaintiffs and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

55.     As a result, Plaintiffs and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

56.     As a result of the unlawful acts of Defendants in willfully filing to pay all alleges, Plaintiffs and Defendant's California employees have been deprived of wages in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code § 1194 and liquidated damages pursuant to Labor Code § 1194.2.

## FOURTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a),(e))

57.     Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

58.     Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees. In those wage statements, Defendants must accurately set forth, among other things, the total gross and net wages earned, and all hourly rates in effect, for Plaintiffs. Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

59.     Defendants failed to issue Plaintiffs and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiffs and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiffs and Defendants' California employees.

60.     Defendants knowingly and intentionally failed to provide Plaintiffs and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code §

226 and keep accurate records as required by §1174(d). The statements provided to Plaintiffs and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

61.     The wage statements provided to Plaintiffs and members of the Class fail to accurately itemize in wage statements total gross and net wages earned, and all hourly rates in effect for Plaintiffs. Defendants' violations of Labor Code § 226(a) are knowing and intentional, and Plaintiffs have suffered injury as a result of the receipt of defective wage statements, thereby entitling them to penalties pursuant to Labor Code § 226(e).

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES DUE AT THE TIME OF DISCHARGE IN VIOLATION OF LABOR CODE §§ 201-202, RESULTING IN SECTION 203 WAGES AND PENALTIES (WAITING TIME PENALTIES)

62.     Plaintiffs hereby incorporate preceding paragraphs of this Complaint as though fully set forth herein.

63.     At all times material herein, the California Labor Code Sections 201, 202, and 203 were in effect and binding on Defendant.

64.     California Labor Code § 202 requires employers to pay employees all wages due within seventy-two (72) hours of resignation. California Labor Code § 201 states in pertinent part that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

65.     Plaintiffs are entitled to compensation for unpaid wages, but to date has not received such compensation. Specifically, Defendant failed to pay Plaintiffs all wages due to Plaintiffs at the time of her separation of employment from Defendant's. Thus, since Defendant failed to promptly pay Plaintiffs all wages due to Plaintiffs at the time of her separation of employment, Defendant violated Section 201 of the Labor Code and Plaintiffs are therefore entitled to wages and penalties pursuant to Labor Code Section 203.

66.     More than 30 days have passed since Plaintiffs' employment ended with

Defendant.

67.     As a consequence of Defendant's willful conduct in not paying wages owed to Plaintiffs, Plaintiffs are entitled to 30 days of wages as a penalty pursuant to Labor Code § 203 for Defendant's failure to timely pay legal wages, together with attorney's fees and cost of suit, and interest pursuant to California Labor Code Section 218.5.

<strong>SIXTH CAUSE OF ACTION</strong>

<strong>FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE § 204(a)(b)</strong>

68.     Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

69.     At all times relevant herein, Labor Code § 204 was in full force and effect and binding on Defendants.

70.     Wages must be paid according to a regularly set schedule. (Labor Code § 204). All earned wages must be paid at least twice a month, on days designated in advance by the employer. Work performed between the 1st and the 15th days, inclusive, of any calendar month must be paid between the 16th and 26th day of the same month. Work performed between the 16th and the last day of the month must be paid between the 1st and 10th day of the following month. (Labor Code § 204). Weekly or bi-weekly (every two weeks) payroll must be paid within seven (7) days of the end of the pay period in which the wages were earned (Labor Code §§ 204(a), 204(b)).

71.     Defendants pay Plaintiffs and its California employees on a weekly basis and have failed to comply with Labor Code § 204(a) which holds that wages earned on a weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiffs and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b).

72.     Defendants have failed to comply with the above-section because they waited longer than seven days from the close of the pay period to pay its weekly paid employees.

<strong>SEVENTH CAUSE OF ACTION</strong>

<strong>FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF</strong>

<strong>CALIFORNIA LABOR CODE § 2802</strong>

73.   Plaintiffs hereby incorporate preceding paragraphs of this Complaint as though fully set forth herein.

74.   Labor Code § 2802 provides that "[a]n employer shall indemnify his or her

employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

75.    Defendant failed to reimburse Plaintiffs and Defendant's California employees for the equipment they purchased to perform work for Defendant such as face masks and steel toe shoes. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiffs and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

76.    Plaintiffs are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and cost, under Labor Code § 2802.

77.    Plaintiffs also requests relief as described below.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY FOR ALL HOURS WORKED, INCLUDING OVERTIME HOURS WORKED IN VIOLATION OF (LABOR CODES §§ 210, 218)

78.    Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

79.    Section 2(K) or Wage Order 5 defines "hours worked" as "the rime during which an employee is subject to the control of an employer, and including all the time the employee is suffered or permitted to work, whether or not required to do so." Labor Code §§ 1194 and 1197 required employers to compensate Plaintiffs for all hours worked at least at a minimum wage ad established by the Wage Order. Defendants did not pay for all hours worked and frequently required Plaintiffs to work off the clock. Defendants have been engaged in many unlawful employment practices which resulted in underpayment for hours worked each pay period as more set forth below:

80.    <u>Failure to Pay All Wages Owed Twice Per Month.</u> Defendants were required to pay Plaintiffs all wages earned twice during each calendar month pursuant to Labor Code § 204(a). Defendants failed to pay all wages earned to Plaintiffs as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiffs were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for

failure to pay wages as required by law.

### NINTH CAUSE OF ACTION

### FAILURE TO PROVIDE PLACE OF EMPLOYMENT THAT IS SAFE AND HEALTHFUL IN VIOLATION OF

### (LABOR CODE §§ 6400, 6401, 6402, 6403, 6404, 6407, 8 CCR 3202)

81.     Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

82.     Cal. Labor Code § 6400(a) provides that every employer shall furnish employment and a place of employment that is safe and healthful for Plaintiffs therein. Cal. Labor Code § 6401 provides that "every employer shall furnish and use safety devices and safeguard, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer.

83.     Pursuant to Cal. Labor Code § 6402, no employer shall require, or permit any employee to go or be in any employment or place of employment which is not safe and healthful. Cal. Labor Code § 6403 states that no employer shall fail or neglect to provide and use safety devices and safeguard reasonably adequate to render the employment and place of employment safe, or adopt and use methods and processes reasonably necessary to protect the life, safety, and health of Plaintiffs and Defendant's California employees.

84.     Cal. Labor Code § 6404 provides that no employer shall occupy or maintain any place of employment that is not safe and healthful. Cal. Labor Code § 6407 provides that every employer and every employee shall comply with occupational safety and health standards, with Section 25910 of the Health and Safety Code, and with all rules, regulations, and orders pursuant to this division which are applicable to her own actions and conduct. Defendants failed to continue to take precautions to ensure employee safety after the onset of COVID. Under LC §6409.6(a)(1). "COVID-19" means severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). Plaintiffs, directly after the onset of COVID, were required to partake in mandatory temperature and health checks, but these activities were not enforced or practiced quickly after the onset of COVID and when COVID was still a health risk to Plaintiffs and Defendant's California employees. Plaintiffs and Defendant's California employees were also required to provide their own masks at the workplace.

85.     As a result of these practices, Defendants have violated Cal. Labor Code §§ 6400,

6401, 6402, 6403, 6404, and 6407 for failure to provide a safe and healthful environment for Plaintiffs, as outlines above.

**TENTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO**

**BUSINESS & PROFESSIONS CODE § 17200**

86.  Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

87.     This is an Action for Unfair Business Practices. Plaintiffs Antonia Barrera, Maria Barrera bring this claim pursuant to *Business & Professions Code* § 17200, et seq.  The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiffs and Defendant's California employees as a result of Defendant's failure to comply with the labor code sections as set out above including but not limited to Labor Code Sections 6400, 6401, 6402, 6403, 6404, 6407. Plaintiffs and Defendant's California employees seek to enforce important rights affecting the public interest within the meaning of *Code of Civil Procedure* § 1021.5.

88.     Plaintiffs are a "person" within the meaning of *Business & Professions Code* § 17204, and therefore have a standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

89.     *Business & Profession Code* § 17200 *et. seq.* prohibits unlawful and unfair business practices.

90.     Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* § 17200, *et seq.*, depriving Plaintiffs, of rights, benefits, and privileges guaranteed to Plaintiffs under law.

91.     Defendants' conduct, as alleged herein, constitutes unfair competition in violation of § 17200 *et. seq.* of the *Business & Professions Code*.

92.     As a proximate result of the above-mentioned acts of Defendants, Plaintiffs have been damaged in a sum as may be proven.

93.     Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to *Business & Professions Code*, this Court should make such

orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents, or Plaintiffs, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiffs to the money Defendants have unlawfully failed to pay.

**ELEVENTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 201-203, 204(a)(b), 2802, 210, 218, 6400, 6401, 6403, 6404, 6407, 8 CCR 3202**

94.     Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully set forth herein.

95.     As a result of the acts alleged herein, Plaintiffs seek penalties under Labor Code § 2698 *et seq.* because of Defendants' violations of Labor Code §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 201-203, 204(a)(b), 2802, 210, 218, 6400, 6401, 6403, 6404, 6407, 8 CCR 3202.

96.     For each such violation, Plaintiffs and all aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

   a.     With respect to the violation of Labor Code § 2699(f) for violations of Labor Code §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 201-203, 204(a)(b), 2802, 210, 218, 6400, 6401, 6403, 6404, 6407, 8 CCR 3202, $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

97.     These penalties will be allocated 75% to the Labor Workforce Development Agency, and 25% to the affected employees.

98.     On November 2, 2023, Plaintiff, Antonia Vargas, sent a letter, by certified mail, return receipt requested, to the LWDA and Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq.* (**Exhibit "A"**). Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65) calendar days of November 2, 2023.  Plaintiff may therefore commence this action to seek penalties pursuant to Labor Code § 2698 *et seq.*

99.     On November 2, 2023, Plaintiff, Maria Barrera, sent a letter, by certified mail, return receipt requested, to the LWDA and Defendants setting forth the facts and theories of the violations

alleged against Defendants, as prescribed by Labor Code § 2698 *et seq.* **(Exhibit "B")**. Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65) calendar days of November 2, 2023.  Plaintiff may therefore commence this action to seek penalties pursuant to Labor Code § 2698 *et seq.*

100.    Wherefore, Plaintiffs and the aggrieved employees he seeks to represent request relief as described herein.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for the following relief:

1.    For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.    That Defendants are found to have violated the requirements of Labor Code § 203 for failure to timely pay wages due at termination.

3.    That Defendants are found to have violated the requirements of Labor Code § 226(e) for failure to comply with itemized employee wage statement provisions.

4.    That Defendants are found to have violated the requirements of Labor Code § 1174(d) for failure to comply with itemized employee wage statement provisions.

5.    That Defendants are found to have violated the requirements of Labor Code § 1174.5 for failure to comply with itemized employee wage statement provisions.

6.    That Defendants are found to have violated the requirements of Labor Code § 226.7 for failure to provide meal and rest periods or compensation in lieu thereof.

7.    That Defendants are found to have violated the requirements of Labor Code § 510 for failure to pay all wages.

8.    That Defendants are found to have violated the requirements of Labor Code § 1194.2 for failure to pay all wages.

9.    That Defendants are found to have violated the requirements of Labor Code § 204(b) for failure to timely pay employees.

10.    That Defendants are found to have violated the requirements of Labor Code § 2802 for failure to reimburse for business expenses.

11.    That Defendants are found to have violated the requirements of Labor Code § 210 for failure to pay all hours worked, including overtime hours worked.

12.  That Defendants are found to have violated the requirements of Labor Code § 6400 for failure to provide a place of employment that is safe and healthful.

13.  That Defendants are found to have violated the requirements of Business and Professions Code § 17200 et seq.;

14.  For penalties and other relief pursuant to Labor Code § 2698 et seq. for Plaintiffs and all other aggrieved employees;

15.  An award providing for payment of costs of suit pursuant to Labor Code § 2699(g)(1);

16.  An award of attorneys' fees pursuant to Labor Code § 2699(g)(1);

17.  An award of prejudgment and post-judgment interest;

18.  An award providing for payment of costs of suit;

19.  An award of attorneys' fees; and

20.  Such other and further relief as this Court may deem just and proper.

Dated:  January 9, 2024                 OTKUPMAN LAW FIRM,
                                        A Law Corporation



                                        By: _____
                                        ROMAN OTKUPMAN
                                        Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial of their claims by jury to the extent authorized by law.

Dated:  January 9, 2024                 OTKUPMAN LAW FIRM,
                                        A Law Corporation



                                        By: _____
                                        ROMAN OTKUPMAN
                                        Attorneys for Plaintiffs

# EXHIBIT A

**OTKUPMAN LAW FIRM, A LAW CORPORATION**
**5743 Corsa Ave, Suite 123**
**Westlake Village, CA 91362**
**Tel.: 818-293-5623**
**Fax: 888-850-1310**

November 2, 2023

**VIA ELECTRONIC FILING**
Labor & Workforce Development Agency

**VIA CERTIFIED MAIL**
Capstone Logistics, LLC
30 Technology Parkway South, Suite 200
Peachtree Corners, GA 30092
Defendant certified mail # 9589 0710 5270 0943 9551 50

**VIA CERTIFIED MAIL**
Agent for Service of Process
Erin Haggerty
1325 J St, Ste 1550
Sacramento, CA 95814
Agent certified mail # 9589 0710 5270 0943 9551 67

Re:    *Antonia Vargas v. Capstone Logistics, LLC – Labor Code Violations of Capstone*
       *Logistics, LLC – Compliance Letter of California Labor Code § 2698 – Private*
       *Attorneys General Act*

Dear Sir or Madam:

This office represents Antonia Vargas ("Plaintiff"), a California employee of Capstone Logistics, LLC ("Defendants"). The purpose of this letter is to comply with the Private Attorneys General Act of 2004, pursuant to California Labor Code § 2698 *et seq.*

Our client works for Defendant in Northern California. Herein we set forth the facts and theories of California Labor Code violations which we allege Defendant engaged in with respect to our client and other of its California non – exempt employees.

Plaintiff began working for Defendants in or around May of 2022. While working for Defendant as a Box Breaker, Plaintiff was earning ($16.00) dollars per hour.

Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and Defendant's California employees were forced to continue working through their meal and rest breaks in order to assist Defendant's needs.

Labor & Workforce Development Agency
*Capstone Logistics, LLC*
November 2, 2023
Page 2

Because of this, Plaintiff and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records as required by §1174(d). The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

Our client further alleges that Defendants paid her and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

Labor & Workforce Development Agency
*Capstone Logistics, LLC*
November 2, 2023
Page 3

Defendant pays Plaintiff and it's California employees on a weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b).

Defendant failed to reimburse Plaintiff and Defendant's California employees for the equipment they purchased to perform work for Defendant such as face masks and steel toe shoes. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

Defendants failed to continue to take precautions to ensure employee safety after the onset of COVID. Under LC §6409.6(a)(1). "COVID-19" means severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). Plaintiff and Defendant's California employees, directly after the onset of COVID, were required to partake in mandatory temperature and health checks, but these activities were not enforced or practiced quickly after the onset of COVID and when COVID was still a health risk to the employees. Plaintiff and Defendant's California employees were also required to provide their own masks at the workplace. As a result of these practices, Defendants have violated Cal. Labor Code §§ 6400, 6401, 6402, 6403, 6404, and 6407 for failure to provide a safe and healthful environment for their Employees, as outlines above. Defendants are liable for civil penalties pursuant to Cal. Labor Code § 2699 *et seq.*

Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

We invite Defendants or its attorney(s) to contact our office to discuss this matter, including whether an early resolution of the claims can be reached.

Our office awaits your response.

Labor & Workforce Development Agency
*Capstone Logistics, LLC*
November 2, 2023
Page 4

Very truly yours,

OTKUPMAN LAW FIRM

ROMAN OTKUPMAN

# EXHIBIT B

**OTKUPMAN LAW FIRM, A LAW CORPORATION**
**5743 Corsa Ave, Suite 123**
**Westlake Village, CA 91362**
**Tel.:  818-293-5623**
**Fax:  888-850-1310**

<u>November 2, 2023</u>

<u>VIA ELECTRONIC FILING</u>
Labor & Workforce Development Agency

<u>VIA CERTIFIED MAIL</u>
Capstone Logistics, LLC
30 Technology Parkway South, Suite 200
Peachtree Corners, GA 30092
Defendant certified mail # 9589 0710 5270 0943 9551 74

<u>VIA CERTIFIED MAIL</u>
Agent for Service of Process
Erin Haggerty
1325 J St, Ste 1550
Sacramento, CA 95814
Agent certified mail # 9589 0710 5270 0943 9551 81

Re:   ***Maria Barrera v. Capstone Logistics, LLC – Labor Code Violations of Capstone***
***Logistics, LLC – Compliance Letter of California Labor Code § 2698 – Private***
***Attorneys General Act***

Dear Sir or Madam:

This office represents Maria Barrera ("Plaintiff"), a California employee of Capstone Logistics, LLC ("Defendants"). The purpose of this letter is to comply with the Private Attorneys General Act of 2004, pursuant to California Labor Code § 2698 *et seq.*

Our client works for Defendant in Northern California. Herein we set forth the facts and theories of California Labor Code violations which we allege Defendant engaged in with respect to our client and other of its California non – exempt employees.

Plaintiff began working for Defendants in or around May of 2022. While working for Defendant as a Box Breaker, Plaintiff was earning ($16.00) dollars per hour.

Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and Defendant's California employees were forced to continue working through their meal and rest breaks in order to assist Defendant's needs.

Labor & Workforce Development Agency
*Capstone Logistics, LLC*
November 2, 2023
Page 2

Because of this, Plaintiff and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records as required by §1174(d). The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

Our client further alleges that Defendants paid her and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

Labor & Workforce Development Agency
*Capstone Logistics, LLC*
November 2, 2023
Page 3

Defendant pays Plaintiff and it's California employees on a weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b).

Defendant failed to reimburse Plaintiff and Defendant's California employees for the equipment they purchased to perform work for Defendant such as face masks and steel toe shoes. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

Defendants failed to continue to take precautions to ensure employee safety after the onset of COVID. Under LC §6409.6(a)(1). "COVID-19" means severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). Plaintiff and Defendant's California employees, directly after the onset of COVID, were required to partake in mandatory temperature and health checks, but these activities were not enforced or practiced quickly after the onset of COVID and when COVID was still a health risk to the employees. Plaintiff and Defendant's California employees were also required to provide their own masks at the workplace. As a result of these practices, Defendants have violated Cal. Labor Code §§ 6400, 6401, 6402, 6403, 6404, and 6407 for failure to provide a safe and healthful environment for their Employees, as outlines above. Defendants are liable for civil penalties pursuant to Cal. Labor Code § 2699 *et seq.*

Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

We invite Defendants or its attorney(s) to contact our office to discuss this matter, including whether an early resolution of the claims can be reached.

Our office awaits your response.

Labor & Workforce Development Agency
*Capstone Logistics, LLC*
November 2, 2023
Page 4

Very truly yours,

OTKUPMAN LAW FIRM

ROMAN OTKUPMAN

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Roman Otkupman, Esq. Bar No. 249423; Nidah Farishta, Esq. Bar No. 312360<br>Otkupman Law Firm, ALC: 5743 Corsa Ave Ste 123, Westlake Village, CA 91362<br><br>TELEPHONE NO.: (818) 293-5623        FAX NO.: (888) 850-1310<br>EMAIL ADDRESS: roman@olfla.com; nidah@olfla.com<br>ATTORNEY FOR *(Name):* Plaintiffs, Antonia Vargas and Maria Barrera | Electronically Filed<br>1/9/2024 4:47 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Raquel Enriquez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  STANISLAUS
 STREET ADDRESS: 801 10th Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: Modesto, CA 95354
 BRANCH NAME: City Towers Courthouse

CASE NAME:
Antonia Vargas, et al. v. Capstone Logistics, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CV-24-000265 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 9, 2024
Roman Otkupman
_____(TYPE OR PRINT NAME)_____                            ►  _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

<strong>CASE TYPES AND EXAMPLES</strong>

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

<strong>CIVIL CASE COVER SHEET</strong>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER)<br>Roman Otkupman, CSBN 249423; Nidah Farishta, CSBN 312360<br>Roman@OLFLA.com; Nidah@OLFLA.com<br>OTKUPMAN LAW FIRM, A LAW CORPORATION<br>5743 Corsa Ave., Suite 123,<br>Westlake Village, CA 91362<br>Attorney for:  Plaintiffs, Antonia Vargas and Maria Barrera | *FOR COURT USE ONLY*<br>**Electronically Filed<br>1/9/2024 4:47 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Raquel Enriquez, Deputy** |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
Street Address:    City Towers Bldg., 801 10th St, 4th Floor,  Modesto, CA 95354
Civil Clerk's Office:  801 10th Street, 4th Floor, Modesto, CA  95354

Plaintiff/Petitioner:  Antonia Vargas and Maria Barrera
Defendant/Respondent:  Capstone Logistics, LLC

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER<br>**CV-24-000265** |
|---|---|

1.   NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Date:_____ Hearing: 5/13/2024 8:30 AM _____AM/PM
Time:

This case is assigned to Judge _____Sandhu, Sonny S._____, Dept ___Dept. 24___, for all purposes, including trial.

　　　　　*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
　　　　　*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354
　　　　　**All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

.............................................................................................................................

　　　　　**You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you.  You must also serve a copy of your written response on the plaintiff.**

2.   You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days** before the case management conference.

3.   You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.   At the case management conference the Court may make pretrial orders, including the following:

　　　a. An order establishing a discovery schedule.

　　　b. An order referring the case to arbitration.

　　　c. An order dismissing fictitious defendants.

　　　d. An order scheduling exchange of expert witness information.

　　　e. An order setting subsequent conferences and the trial date.

　　　f. Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date:___1/9/2024 4:47 PM____　　　by __*Raquel M Enriquez*__ Deputy Clerk

| CV003<br>Mandatory<br>Form | **--SANCTIONS--**<br>If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). | 11/10 |
|---|---|---|

## Rule 3.110.  Time for Service of Complaint, Cross-Complaint, and Response

(a)  [Application]  This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions,  proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b)  [Service of complaint]  The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint.  When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c)  [Service of cross-complaint]  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed.  If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d)  [Timing of responsive pleadings]  The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e)  [Modification of timing: application for order extending time]  The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d).  An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed.  The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f)  [Failure to serve]  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g)  [Request for entry of default]  If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed.  The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h)  [Default judgment]  When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time.  The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i)  [Order to Show Cause]  Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

CV003
Mandatory
Form                                                                                                        11/10